1   **KASHA K. POLLREISZ**
California State Bar No. 204148
2   **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3   San Diego, California  92101-5008
Telephone:  (619) 234-8467
4

5   Attorneys for Defendant

6

7

8                     UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10                 **(HONORABLE WILLIAM Q. HAYES)**

11   UNITED STATES OF AMERICA,      )   Case No. 08CR0724-WQH
                             )
12            Plaintiff,         )   Date:  May 20, 2008
                             )   Time:  9:00 a.m.
13   v.                       )
                             )
14   JOSE ELIAS CAMACHO-MELENDEZ,    )   **DEFENDANT'S PROPOSED**
                             )   **JURY INSTRUCTIONS**
15           Defendant.      ) 
                             )

16

17   TO:  KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
         LAWRENCE CASPER, ASSISTANT UNITED STATES ATTORNEY.
18

19         Defendant Jose Elias Camacho-Melendez, by and through his counsel, Kasha K. Pollreisz, and

20   Federal Defenders of San Diego, Inc., and pursuant to the Fifth and Sixth Amendments and Fed. R. Crim.

    P. 30, requests that the Court instruct the jury on the law as set forth herein.  Mr. Camacho-Melendez also
21

    requests leave to offer further jury instructions as may become relevant during the course of the trial.
22

23                        Respectfully submitted,

24

25   Date: May 21, 2008                 **KASHA K. POLLREISZ**
                                   Federal Defenders of San Diego, Inc.
                                   Attorneys for Mr. Camacho-Melendez
26

27

28

UNITED STATES DISTRICT COURT

ORIGINAL

**FILED**
MAY 2 1 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

1

## DEFENDANT'S PROPOSED INSTRUCTIONS FROM THE
## 9TH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS CRIMINAL (2000)

2

3   9th Cir. Crim. Jury Instr. 1.2 (2003) ("The Charge - Presumption of Innocence").

4   9th Cir. Crim. Jury Instr. 3.2 (2003) ("Charge Against Defendant Not Evidence - Presumption of Innocence
          - Burden of Proof").

5   9th Cir. Crim. Jury Instr. 3.3 (2003) ("Defendant's Decision Not to Testify").

6   9th Cir. Crim. Jury Instr. 3.4 (2003) ("Defendant's Decision to Testify").

7   9th Cir. Crim. Jury Instr. 3.9 (2003) ("The Credibility of Witnesses").

8   9th Cir. Crim. Jury Instr. 3.12 (2003) ("Separate Consideration of Multiple Counts").

9   9th Cir. Crim. Jury Instr. 3.20 (2003) ("Jury to be Guided by Official English Translation/Interpretation").

10  9th Cir. Crim. Jury Instr. 4.9 (2003) ("Testimony of Witness Receiving Benefits")*(as modified and provided*

11  *below)*.

12  9th Cir. Crim. Jury Instr. 6.9 (2003) ("Mere Presence")*(specifying charge)*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    COURT'S INSTRUCTION NO. _____

2    DEFENDANT'S PROPOSED INSTRUCTION NO. __1__

3

4        Mr. Camacho-Melendez is charged in Count 1 and 3 of the indictment with bringing an

5    undocumented alien to the United States for the purpose of private financial gain in violation of Title 8,

6    United States Code § 1324(a)(2)(B)(ii).  In order for a defendant to be found guilty of such a charge, the

7    government must prove each of the following elements beyond a reasonable doubt:

8        **First**, that the named person was an alien;

9        **Second**, that the person was not lawfully in the United States;

10        **Third**, that Mr. Camacho-Melendez knew that the person was an alien;

11        **Fourth**, that Mr. Camacho-Melendez knew that the person was not lawfully in the United States;

12        **Fifth**, that Mr. Camacho-Melendez knowingly brought the person to the United States;

13        **Sixth**, that Mr. Camacho-Melendez specifically intended to violate the immigration laws of the

14    United States by bringing the person to the United States;

15        **Seventh**, that Mr. Camacho-Melendez committed the offense with the purpose (i.e., the

16    conscious desire) of gaining financially.

17        An "alien" is a person who is not a citizen or national of the United States.

18

19                                    Authority

20    8 U.S.C. § 1324(a)(2)(B)(ii); Committee on Model Jury Instructions, Manual of
      Model Jury Instructions for the Ninth Circuit, § 9.1 (2003 ed.) (modified); United
21    States v. Nguyen, 73 F.3d 887, 894 (9th Cir. 1995); United States v. Barajas-Montiel,
      185 F.3d 947 (9th Cir. 1999).

22

23

24

25

26    GIVEN _____

27    GIVEN AS MODIFIED _____

28    REFUSED _____

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO. __2__

3

4        Mr. Camacho-Melendez is charged in Count 2 and 4 of the indictment with bringing an

5  undocumented alien to the United States without presenting him to an appropriate immigration official at

6  a designated port of entry in violation of Section 1324(a)(2)(B)(iii) of Title 8 of the United States Code. For

7  a defendant to be found guilty of that charge, the government must prove each of the following elements

8  beyond a reasonable doubt:

9        **First**, that the named person was an alien;

10       **Second**, that the person was not lawfully in the United States;

11       **Third**, that Mr. Camacho-Melendez knew that the person was an alien;

12       **Fourth**, that Mr. Camacho-Melendez knew that the person was not lawfully in the United States;

13       **Fifth**, that Mr. Camacho-Melendez knowingly brought the person to the United States;

14       **Sixth**, that Mr. Camacho-Melendez did not immediately bring and present the person to an

15  appropriate immigration officer at a designated port of entry;

16       **Seventh**, that Mr. Camacho-Melendez specifically intended to violate the immigration laws of

17  the United States by bringing the person to the United States;

18       An "alien" is a person who is not a citizen or national of the United States.

19

20                                    Authority

21  8 U.S.C. § 1324(a)(2)(B)(ii); Committee on Model Jury Instructions, Manual of
    Model Jury Instructions for the Ninth Circuit, § 9.1 (2003 ed.) (modified); United
22  States v. Nguyen, 73 F.3d 887, 894 (9th Cir. 1995); United States v. Barajas-Montiel,
    185 F.3d 947 (9th Cir. 1999).

23

24

25

26  GIVEN _____

27  GIVEN AS MODIFIED _____

28  REFUSED _____

08CR0724-WQH

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO. _3_

3       I instruct you that you must presume Mr. Camacho-Melendez to be innocent of the crime

4  charged. Thus, the defendant, although accused of the crimes in the indictment, begins the trial with a "clean

5  slate" -- with no evidence against him. The indictment, as you already know, is not evidence of any kind.

6  The law permits nothing but legal evidence presented before the jury in court to be considered in support

7  of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit

8  the defendant.

9       The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This

10  burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden

11  or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce

12  any evidence by cross-examining the witnesses for the government.

13       It is not required that the government prove guilt beyond all possible doubt. The test is one of

14  reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense -- the kind of doubt

15  that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be

16  proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in

17  the most important of his or her own affairs.

18       Unless the government proves, beyond a reasonable doubt, that the defendant has committed each

19  and every element of the offense charged in the indictment, you must find the defendant not guilty of the

20  offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions -- one

21  of innocence, the other of guilt -- the jury must, of course, adopt the conclusion of innocence.

22  Authority

23       O'Malley, Grenig, and Lee. <u>Federal Jury Practice and Instructions</u>, 5th Ed. § 12.10.

24

25

26  GIVEN _____

27  GIVEN AS MODIFIED _____

28  REFUSED _____

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO. __4__

3

4         A finding of guilt as to any crime may not be based on circumstantial evidence unless the proved

5  circumstances are not only (1) consistent with the theory that the defendant is guilty of the crime, but (2)

6  cannot be reconciled with any other rational conclusion.

7         Further, each fact which is essential to complete a set of circumstances necessary to establish the

8  defendant's guilt must be proved beyond a reasonable doubt. In other words, before an inference essential

9  to establish guilt may be found to have been proved beyond a reasonable doubt, each fact or circumstance

10 on which the inference necessarily rests must be proved beyond a reasonable doubt.

11        Also, if the circumstantial evidence as to any particular count permits two reasonable

12 interpretations, one of which points to the defendant's guilt and the other to his innocence, you must adopt

13 that interpretation that points to the defendant's innocence, and reject that interpretation that points to his

14 guilt.

15        If, on the other hand, one interpretation of this evidence appears to you to be reasonable and the

16 other interpretation to be unreasonable, you must accept the reasonable interpretation and reject the

17 unreasonable.

18

19                                    Authority

20        1 Cal. Jury Instr.--Crim. 2.01 (7th ed. 2003) (Sufficiency of Circumstantial Evidence-
          -Generally) (modified); United States v. Bishop, 959 F.2d 820, 830 (9th Cir. 1992)
21        (finding that "the evidence must include sufficient probative facts from which a
          rational factfinder, applying the reasonable doubt standard, could choose the
22        hypothesis that supports a finding of guilt rather than hypotheses that are consistent
          with innocence"); Clark v. Procunier, 755 F.2d 394, 396 (5th Cir. 1985) (stating that
23        "if the evidence viewed in the light most favorable to the prosecution gives equal or
          nearly equal circumstantial support to a theory of guilt and a theory of innocence of
24        the crime charged, then a reasonable jury must necessarily entertain a reasonable
          doubt").

25

26 GIVEN _____

27 GIVEN AS MODIFIED _____

28 REFUSED _____

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO. ___5___

3

4          You have heard testimony that Mr. Camacho-Melendez made a statement. It is for you to decide

5  (1) whether Mr. Camacho-Melendez made the statement *and what he said*; and (2) if so, how much weight

6  to give to it. In making those decisions, you should consider all of the evidence about the statement,

7  including the circumstances under which Mr. Camacho-Melendez may have made it.

8

9                                    Authority

10  Committee on Model Jury Instructions, <u>Manual of Model Jury Instructions for the</u>
    <u>Ninth Circuit</u>, § 4.1 (2003 ed.) (substantive modification in italics).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  GIVEN _____

27  GIVEN AS MODIFIED _____

28  REFUSED _____

7                                                    08CR0724-WQH

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO. __6__

3

4    The verdict must represent the considered judgment of each juror.  In order to return a verdict,

5  it is necessary that each juror individually agrees that the government has proved every element beyond a

6  reasonable doubt.  Thus, your verdict must be unanimous, and you must unanimously agree to the facts upon

7  which you base your verdict.

8                                          Authority

9     Devitt and Blackmar, 3d ed., § 5 18.01 (modified); Richardson v. United States, 526
       U.S. 813 (1999) (jury must unanimously agree as to every element); United States v.
10    Echeverv, 698 F.2d 375 (9th Cir. 1983).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  GIVEN _____

27  GIVEN AS MODIFIED_____

28  REFUSED_____

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO. __7__

3

4          Mr. Camacho-Melendez contends that a third party was responsible for putting the two

5  individuals in the engine compartment of the truck, and that this was done without Mr. Camacho-Melendez's

6  knowledge.  Mr. Camacho-Melendez also contends that  he did not start driving the truck until after the

7  material witnesses were already hidden unbeknownst to him.  A third party's guilt may create reasonable

8  doubt about the defendant's guilt.  If, after considering the facts and circumstances and other evidence

9  presented in this case, you are left with a reasonable doubt regarding whether Mr. Camacho-Melendez knew

10  that the two people were hidden under the hood, you must find Mr. Camacho-Melendez not guilty on all

11  counts.

12

13                                         Authority

14      United States v. Vallejo, 237 F.3d 1008 (9th Cir. 2001) (discussing relevance of third
        party culpability as a defense); United States v. Tsinnijinnie, 601 F.2d 1035, 1040
15      (9th Cir. 1979) ("A defendant is entitled to an instruction on the theory of his case");
        United States v. Gaudin, 515 U.S. 506, 514 (1995) ("[T]he historical and
16      constitutionally guaranteed right of criminal defendants to demand that the jury
        decide guilt or innocence on every issue, *which includes application of the law to the
17      facts*.") (emphasis added); United States v. Mason, 902 F.2d 1434, 1440 (9th Cir.
        1990) ("Expressing the theory of the defense in an instruction *that precisely defines
18      that theory* is far superior to reliance on the jury's ability to piece the theory together
        from various general instructions.") (emphasis added).
19

20

21

22

23

24

25

26  GIVEN _____

27  GIVEN AS MODIFIED _____

28  REFUSED _____

1    COURT'S INSTRUCTION NO. _____

2    DEFENDANT'S PROPOSED SPECIAL INSTRUCTION NO.  _8_

3

4          You have heard testimony that Audelia Torres-Gutierrez and Angelica Reyes-Valencia admitted

5    to committing criminal activity in coming to the United States illegally.  In evaluating either of their

6    testimony, you should consider whether, or to what extent, if any, their testimony may have been influenced

7    by the circumstances relating to their illegal entry and any benefits they may have received or hope they may

8    receive.  You should examine these witnesses' testimony with greater caution than that of other witnesses.

9

10                             Authority

11          9th Cir. Crim. Jury Instr. 4.9 (2003) ("Testimony of Witnesses Involving Special Circumstances")

12    (modified).

13

14

15

16

17

18

19

20

21

22

23

24    GIVEN _____

25    GIVEN AS MODIFIED _____

26    REFUSED _____

27

28

08CR0724-WQH

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED SPECIAL INSTRUCTION NO.  9

3

4         You have heard testimony regarding the conditions in which the material witnesses were hidden

5  and the injuries that they received.  You may not let the sympathy you may feel for the material witnesses

6  with regards to the conditions they were in or the injuries they received influence your duties as jurors to

7  evaluate the evidence in this case.  The sympathy you may feel for the material witnesses must be set aside

8  in determining whether the government has proven each of the elements beyond a reasonable doubt.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28